## P. J. Millett, Defendant in Error, v. D. J. McDonald, Plaintiff in Error.

## Gen. No. 6,211.   (Not to be reported in full.)

Error to the Circuit Court of Kane county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

### Statement of the Case.

Action by P. J. Millett, plaintiff, against D. J. McDonald, defendant, to recover on three lost promissory notes. From a judgment for plaintiff, defendant brings writ of error.

J. C. MURPHY and E. L. LYON, for plaintiff in error.

JOHN M. RAYMOND and JOHN K. NEWHALL, for defendant in error; ROBERT S. EGAN, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, 372*—*when variance exists between special count on note and proof*. There is a variance between a special count on a lost promissory note and the proof where such special count does not allege that the note is payable at any particular place, and proof deduced, on cross-examination of the plaintiff, that the note was payable at a specific place.

2. ASSUMPSIT, ACTION OF—*what is object of common counts*. The object of the common counts is to protect a plaintiff against some accidental variance.

3. ASSUMPSIT, ACTION OF, § 34*—*when recovery may be had on common counts on notes*. A recovery may be had on the common counts in an action on lost promissory notes, although there is some accidental variance in the description of the notes sued on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in the special count, where the existence of the notes is proven, the signature of the maker, the payment of the consideration and the loss of the notes before maturity.

4. INSTRUCTIONS, § 151*—*when requested instruction covered in charge properly refused.* A requested instruction covered in the general charge is properly refused.

5. PARTNERSHIP, § 52*—*when evidence insufficient to show formation of partnership.* In an action on three lost promissory notes alleged by defendant to have been advanced in a partnership transaction, evidence *held* insufficient to establish a partnership.

6. SET-OFF AND RECOUPMENT, § 40*—*when evidence insufficient to establish right of set-off.* In an action on lost promissory notes, evidence on behalf of defendant which was contradicted by plaintiff, *held* insufficient to establish a right of set-off.

7. EVIDENCE, § 134*—*when use of copies of letters without laying foundation on cross-examination improper.* It is improper to use carbon copies of letters from plaintiff to defendant for cross-examination of defendant after demand of the originals from the defendant and his failure to produce them, over objection, without first laying a proper foundation by showing that they are in fact true carbon copies of letters which were written and mailed by plaintiff to defendant, and introducing them in evidence.

8. APPEAL AND ERROR, § 1470*—*when use on cross-examination of copies of letters without laying foundation harmless error.* The use of carbon copies of letters from plaintiff to defendant upon cross-examination of defendant, after demand of the originals from the defendant and his failure to produce them, without laying proper foundation for their admission in evidence is harmless error where the necessary proof is afterwards made for their admission in evidence.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.